Filed
D.C. Superior Court
08/24/2018 15:53PM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **TERMIA LOGAN**<br>3906 24th Street, N.E.<br>Washington, DC 20018 | * |
| | * |
|                        **Plaintiff,** | * |
| | * |
| **v.** | * |
| | * |
| **JONES LANG LASALLE AMERICAS, INC.**<br>200 East Randolph Drive<br>Chicago, IL 60601 | * |
| | * |
|     **Serve on:** | * |
|     Corporation Service Company<br>    1090 Vermont Avenue, NW<br>    Washington, DC 20005 | * |
| | * |
| **PROFESSIONAL SECURITY<br>CONSULTANTS, INC.**<br>11454 San Vincente Blvd., 2nd Floor<br>Los Angeles, CA 90049 | * |
| | * |
|     **Serve on:** | * |
|     Paracorp Incorporated<br>    1090 Vermont Avenue, NW, #910<br>    Washington, D.C. 20005 | * |
|                 **Defendants.** | * |

**CASE NO.:  2018 CA 006007 B**

---

### COMPLAINT AND DEMAND JURY TRIAL

---

Plaintiff Termia Logan, by and through Dawn Jackson, Esquire, and JACKSON & ASSOCIATES LAW FIRM, LLC, hereby sues Defendants **JONES LANG LASALLE AMERICAS, INC.** and **PROFESSIONAL SECURITY CONSULTANTS, INC.** (hereinafter referred to as "Defendants") and states as follows:

#### JURISDICTION AND VENUE

1.  This Court has jurisdiction over the subject matter of this Complaint pursuant to



DEFENDANT'S EXHIBIT
2
tabbies

D.C. Code §11-921 (1981 edition).

2.   Venue is proper in this Court since the events giving rise to the Plaintiff's claims occurred in the District of Columbia.

## ALLEGATIONS COMMON TO ALL COUNTS

3.   Plaintiff Termia Logan is an adult citizen of the United States and a resident of the District of Columbia.

4.   Defendant JONES LANG LASALLE AMERICAS, INC. is a financial and professional services firm that specializes in commercial real estate services and investment management.

5.   Defendant PROFESSIONAL SECURITY CONSULTANTS, INC., is a service-oriented company whose primary duty is to protect and serve the general community as they work or patronize their clients facilities.

6.   That at all times material, and on the date and time of the incident complained of, Defendant JONES LANG LASALLE AMERICAS, INC. (hereinafter referred to as "J.L.L.A., Inc.") was a corporate and/or business entities for profit organized and existing in the District of Columbia, and said Defendant managed, operated, maintained, and controlled the subject property known and referred to as "Union Station" located at or about 1 Massachusetts Avenue, N.W. Washington, D.C. 20001 and its common areas.

7.   That all times material, and on the date and time of the incident complained of, Defendant PROFESSIONAL SECURITY CONSULTANTS, INC. (hereafter referred to as "PSC") was a corporate and/or business entity for profit organized and existing in the District of Columbia, and said Defendant managed, operated, maintained, and controlled the subject

property known and referred to as "Union Station" located at or about 1 Massachusetts Avenue, N.W. Washington, D.C. 20001 and its common areas.

8.    That on the date of incident, both Defendants provided management and security services for Union Station.

9.    That, both Defendants employed agents, employees, officers, staff, administrators, representatives, servants, and exercised jurisdiction and control over said agents, employees, officers, staff, administrators, representatives, and/or servants and said Defendants determined the qualifications or lack of qualifications of said agents, employees, officers, staff, administrators, representatives, and servants related.

10.    That, both Defendants devised all policies, programs, and/or activities for the aforementioned agents, employees, staff, administrators, representatives, servants, and/or residents of the community, and said agents, employees, staff, administrators, representatives, servant, worked in a common effort for the economic benefit for the aforementioned Defendants.

11.    That, prior to the aforementioned date, the Metropolitan Police Department had reported numerous violent crimes within 1000 ft of the incident location between November 28, 2014 through November 28, 2017.

12.    On November 28, 2017, Defendants had security personnel on duty to secure the premises and the area immediately surrounding the incident location.

13.    On November 28, 2017, Plaintiff Termia Logan was an invitee of Union Station.

14.    That, as Plaintiff was riding the escalator near the H&M clothing store she was brutally assaulted by an unknown assailant.

15.   That, the unknown assailant punched Plaintiff in the face with so much force she lost consciousness and fell to the floor.

16.   That, Plaintiff remained on the floor of Union Station for an undetermined period of time with no assistance from either of the Defendants' Security Staff.

17.   That, when a Security Officer finally arrived on the scene, he told Ms. Logan there was nothing Security could do to assist her and instructed her to get up and move out of the way of the other pedestrians that were walking by.

18.   That, although Plaintiff showed clear signs of being hurt and disoriented, Defendants' Security Officer did not offer her his assistance, nor did he call the Police or paramedics to come assist her.

19.   That, due to the Security Officer's negligence, lack of training, and lack of compassion for the Plaintiff, she was forced to call the police herself, while partially conscious and disoriented.

20.   That, as a direct result of Defendants negligence, Plaintiff was ultimately transported by ambulance to a nearby hospital.

21.   There were no security mechanisms, including but not limited to security guards, located, affixed, and/or employed in the vicinity of the escalators to deter criminal assailants from committing crimes on patrons.

22.   The assault on Plaintiff caused physical injuries to her body and serious emotional harm and torment.

23.   As a result of the negligence, and negligent supervision and training of said Defendants' Security Officer, more fully described below, Plaintiff was a victim of a brutal assault.

<u>COUNT I</u>
<u>CLAIM AGAINST BOTH DEFENDANTS FOR NEGLIGENCE</u>

Plaintiff, Termia Logan reasserts and incorporates herein by reference the allegations contained in paragraphs 1-23 as if fully set forth herein and further alleges:

24.   At all times material, Defendants, owed a duty to the public and invitees, including Plaintiff, to exercise reasonable care to take such precautions as were reasonably necessary to protect its business invitees, including Plaintiff, Termia Logan, from criminal attacks which were reasonably foreseeable.

25.   The Defendants knew, or in the exercise of reasonable care should have known, that its premises and the area immediately surrounding its premises was a high crime area, that there had been previous similar criminal acts and attacks perpetrated on the public and/or business invitees in said areas, and/or that such criminal acts and attacks were reasonably likely to be perpetrated on business invitees of Union Station unless Defendant took reasonable steps to provide proper security for such individuals.

26.   The Defendants knew, or in the exercise of reasonable care should have known, that no individual, including the Plaintiff, had it within their own power to take the measures necessary to provide for their own security on the premises of Union Station, and that the Defendants were in the best position to take reasonable and necessary measures to prevent and/or deter such criminal acts.

27.   The Defendants were negligent and breached their duty of reasonable care for the safety and protection of the public, business invitees and the Plaintiff, in one or more of the following ways:

a. by failing to provide adequate security for the users and business invitees of Union Station;

b. by failing to have any and/or an adequate number of security guards to protect the users, business invitees, and licensees of Union Station;

c. by failing to have competent security guards to protect users and business invitees of Union Station;

d. by failing to properly train security guards, so that they could protect the users and business invitees of Union Station;

e. by failing to have a sufficient number of security personnel or security presence in visible areas to deter crime thereby protect users and business invitees of Union Station;

f. by failing to reasonably and effectively utilize available security devices;

g. by failing to warn, protect, guard, and secure the safety of the Plaintiff, or other similarly situated members or the public, when the Defendants knew or should have known of the existence of crime and the danger to those individuals using and entering Union Station;

h. by failing to implement adequate security policies, security measures, and security procedures necessary to protect the Plaintiff,  and other business invitees, visitors, and users of Union Station;

i. by failing to police, patrol, guard, deter, and otherwise provide adequate protection for business invitees of said Union Station, when Defendants knew or should have known of foreseeable criminal acts.

28.  As a direct and proximate result of the above described carelessness and negligence of Defendant, J.L.L.A., Inc. and Defendant PSC, the Plaintiff, was brutally assaulted on the premises of Union Station, and sustained severe and grievous physical injuries, mental pain and suffering, psychological injuries, and the loss of the capacity for the enjoyment of life.

29.  As a direct and proximate result of the above-described carelessness and negligence of the Defendants, the Plaintiff, Termia Logan has also incurred medical expenses.

**WHEREFORE**, Plaintiff, Termia Logan sues Defendants, J.L.L.A., Inc. and PSC for damages in the amount of One Hundred Thousand Dollars ($100,000.00) plus pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

## COUNT II
### NEGLIGENT HIRING - AGAINST BOTH DEFENDANTS

Plaintiff, Termia Logan reasserts and incorporates herein by reference the allegations contained in paragraphs 1-29 as if fully set forth herein and further alleges:

30.  That, Plaintiff Termia Logan was a guest/business invitee of Union Station. As such, Defendants owed a duty to Plaintiff to ensure the competence of its employees by using reasonable care in hiring competent security personnel.

31.  That, as a direct result of the Defendants' negligent selecting and hiring of its employees, such as the Security Officer who failed to prevent the brutal attack, failed to assist Plaintiff after she had been brutally assaulted, and failed to deter criminals from Union Station's premises.

32.  That, Defendants breached their duty of reasonable care for the safety and protection of Plaintiff Termia Logan, by failing to hire competent security personnel.

33.  That, as a proximate result of the above described carelessness and negligence of Defendants, Plaintiff Termia Logan suffered physical and psychological injuries.

**WHEREFORE**, the Plaintiff Termia Logan sues Defendants, J.L.L.A., Inc. and PSC for damages in excess of One Hundred Thousand Dollars ($100,000.00) plus pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

## COUNT III
### NEGLIGENT RETENTION - AGAINST BOTH DEFENDANTS

Plaintiff, Termia Logan, reasserts and incorporates herein by reference the allegations contained in paragraphs 1-33 as if fully set forth herein and further alleges:

34.  That, Defendants owed a duty to hire and retain competent security personnel to protect their employees, the public, and invitees of Union Station including Plaintiff Termia Logan.

35.  That, Defendants breach, directly and proximately, created an unreasonable risk of harm to the Plaintiff.

36.  That, as a direct and proximate result of the above described carelessness and negligence of Defendants retention of such security personnel, Plaintiff Termia Logan was brutally injured by an unknown criminal assailant and suffered physical and psychological injuries.

**WHEREFORE**, Plaintiff Termia Logan sues Defendants, J.L.L.A., Inc. and PSC, for damages in the amount of One Hundred Thousand Dollars ($100,000.00) plus pre-

judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

## COUNT IV
## NEGLIGENT SUPERVISION & TRAINING - AGAINST BOTH DEFENDANTS

Plaintiff, Termia Logan reasserts and incorporates herein by reference the allegations contained in paragraphs 1-36 as if fully set forth herein and further alleges:

37. At all times material, the aforementioned security personnel were agents and/or employees of Defendants, J.L.L.A., Inc. and PSC acting within the scope of employment or agency.

38. Defendants, J.L.L.A., Inc.'s and PSC's duties were responsible for supervising employees with regard to hiring, advancement, discharge, employee compensation, job training and other terms and conditions of employment.

39. Defendants made the decision to hire the security personnel who were on duty on the incident date and determine the number of officers present during a very busy time of day.

40. Defendants' conduct supported and encouraged its security personnel by their own silence or omission and their failure to act.

41. Defendants were negligent in the supervision and training of their employees, including their security officers on duty on the incident date to ensure that invitees were protected.

42. Defendants' negligence was a proximate cause of damages to Plaintiff as averred herein.

WHEREFORE, Plaintiff Termia Logan sues Defendants, J.L.L.A., Inc. and PSC, for damages in the amount of One Hundred Thousand Dollars ($100,000.00) plus pre-

judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

**I SOLEMNLY SWEAR AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE AFOREGOING INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY PERSONAL KNOWLEDGE.**

Ternita Logan

Respectfully submitted August _16_, 2018

Dawn R. Jackson, Esq. (Bar No.485118)
**Jackson & Associates Law Firm, LLC**
1300 Caraway Court, Suite 100
301 883 0800 Tel.
301 883 0801 Fax
*Counsel for Plaintiff*

### DEMAND FOR JURY TRIAL

The Plaintiff demand trial by jury as to all issues contained herein.

**Dawn R. Jackson, Esquire**