# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TERMIA LOGAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 18-cv-02278 (APM) |
| JONES LANG LASALLE AMERICAS, INC., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

### I.

On the afternoon of November 28, 2017, Plaintiff Termia Logan was assaulted while on an escalator that connects the Union Station metro stop to ground-level retail stores. Am. Compl., ECF No. 16 [hereinafter Compl.], ¶¶ 20, 21. As Plaintiff walked up the escalator, she encountered a group of teenage boys standing ahead of her on the left side, which is generally understood to be the side used to pass. *Id.* ¶ 20. Plaintiff asked one of the boys to allow her to pass and, as she walked by, he sucker-punched her in the face once she reached the top of the escalator. *Id.* ¶ 21. Plaintiff was hit with such force that she lost consciousness and fell to the ground. *Id*. She remained bleeding on the floor of Union Station for an indeterminate amount of time before a Security Officer arrived on the scene. *Id*. ¶¶ 22–23. When he arrived, the Security Officer told Plaintiff that there was nothing he could do to assist her, and he instructed her to get up and move out of the way of other pedestrians. *Id.* ¶ 23. The officer did not offer her assistance or offer to

call for medical help.  *Id*. ¶ 24.  Plaintiff ultimately called for assistance herself.  *Id*. ¶ 25.  She was treated at a nearby hospital for her injuries.  *Id.* ¶ 26.

Plaintiff brought this action in August 2018 in the Superior Court for the District of Columbia, and in October 2018 Defendant removed to this court.  *See* Notice of Removal, ECF No. 1.  Plaintiff asserts claims of (1) negligence and (2) negligent training and supervision against Defendants Jones Lang LaSalle Americas, Inc., a real estate and investment management firm that manages and operates Union Station, and Professional Security Consultants, Inc., the company responsible for security at Union Station.  Compl. ¶¶ 4–8, 30–39, 45–51.[1]  Plaintiff alleges that Defendants breached a duty of reasonable care owed to her in numerous ways, including by "failing to provide adequate security for the users and business invitees of Union Station" and by failing to offer Plaintiff assistance after she was injured.  *Id*. ¶¶ 37, 47.

Both Defendants have moved to dismiss all counts.  *See* Def. Jones Lang LaSalle America's Mot. to Dismiss, ECF No. 19 [hereinafter JLLA's Mot.]; Def. Professional Security Consultants' Mot. to Dismiss, ECF No. 24 [hereinafter PSC's Mot.].  Defendant Jones Lang LaSalle also moves to strike certain references to the Security Officer's actions after Plaintiff's assault.  JLLA's Mot., JLLA's Mem. in Support of Mot. to Dismiss, ECF No. 19 [hereinafter JLLA's Mem.], at 14–15.  For the reasons stated below, the court grants in part and denies in part both Motions.

II.

The court begins with Plaintiff's negligence claim.  Plaintiff alleges Defendants were negligent for their failure to "patrol and ensure a visible presence" and to "take such precautions as were reasonably necessary to protect . . . Plaintiff from physical assaults . . . which were

---

[1] Plaintiff also advances a claim of "respondeat superior."  Compl. ¶¶ 40–44.  However, "respondeat superior"  is not a stand-alone claim, but rather a basis for finding Defendants liable for the conduct of their employees or agents.

reasonably foreseeable." Compl. ¶¶ 31, 43 (cleaned up). To establish negligence under District of Columbia law, a plaintiff must allege: (1) "a duty of care owed by the defendant to the plaintiff," (2) "a breach of that duty by the defendant," and (3) "damage to the interests of the plaintiff, proximately caused by the breach." *Sigmund v. Starwood Urban Retail VI, LLC,* 617 F.3d 512, 514 (D.C. Cir. 2010) (quoting *Dist. of Columbia v. Beretta, U.S.A. Corp.,* 872 A.2d 633, 642 n.3 (D.C. 2005) (en banc) (internal quotation omitted)). Here, Defendants argue only that they did not owe a duty of care to Plaintiff.

A.

Both Defendants contend that they owed no duty of care because the criminal assault was not foreseeable. JLLA's Mem. at 10–13; PSC's Mot., PSC's Mem. in Support of Mot. to Dismiss, ECF No. 24-1 [hereinafter PSC's Mem.], at 6–14. "As a general rule, a private person does not have a duty to protect another from a criminal attack by a third person." *Kline v. 1500 Mass. Ave. Apartment Corp.,* 439 F.2d 477, 481 (D.C. Cir. 1970). To impose liability for the criminal actions of others, a plaintiff must make a "more heightened showing of foreseeability than would be required if the act were merely negligent." *Bd. of Trs. of Univ. of Dist. of Columbia v. DiSalvo,* 974 A.2d 868, 870 (D.C. 2009). "In such a case, the plaintiff bears the burden of establishing that the criminal act *was so foreseeable that a duty arises to guard against it*." *Sigmund,* 617 F.3d at 514 (quoting *Beretta,* 872 A.2d at 641) (emphasis in original). "The crux of heightened foreseeability is a showing of the defendant's 'increased awareness of the danger of a particular criminal act.'" *DiSalvo,* 974 A.2d at 872 (citation omitted). "Generic" notice of criminal activity in the area is insufficient. *Beretta,* 872 A.2d at 642. Rather, the plaintiff must establish "that the facts demonstrating heightened foreseeability show[ ], if not awareness of the precise risk, close

3

similarity in nature or temporal and spatial proximity to the crime at issue." *DiSalvo*, 974 A.2d at 874.

Although a close call, the court finds that Plaintiff has sufficiently pleaded facts that make it plausible that Defendants owed her a duty to guard against the assault that she suffered. Plaintiff alleges that "in the year leading up to [her] violent assault, there had been a series of assaults . . . and other violent incidents in the subway and bus system, including at Union Station . . . which had police searching for small groups of teenagers and young adults whom they believe committed at least eight (8) attacks." Compl. ¶ 16. Further, she asserts that "[i]n the months leading up to the brutal assault on Plaintiff, there had been seven (7) violent crimes and twenty-two (22) thefts within 500 feet of the location where Plaintiff was assaulted." *Id.* ¶ 17. These alleged facts, even if proven true, might not withstanding a motion for summary judgment, because they lack the kind of "precision" required by District of Columbia law to hold a defendant liable for injury resulting from intervening criminal acts. *DiSalvo*, 974 A.2d at 873; *see also Sigmund*, 617 F.3d at 516–17 (finding no duty where the plaintiff, a victim of a pipe bombing in a parking garage, did not come forward with facts showing other bombings or similar violent assaults had occurred in the parking garage). But at the motion to dismiss stage, where the plaintiff need only plead enough factual matter to establish that a duty of care is plausible, Plaintiff's averments suffice. *See Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The authorities upon which Defendants rely are distinguishable, as most were decided at the summary judgment stage or later. *See* JLLA's Mem. at 10–11 (citing *DiSalvo*, 974 A.2d 868 (judgment as a matter of law); *Lacy v. District of Columbia*, 424 A.2d 317 (D.C. 1980) (motion for new trial)); PSC's Mot. at 7–14 (citing, among other cases, *Bruno v. Western Union Fin. Servs.*,

4

973 A.2d 713 (D.C. 2009) (summary judgment); *Bailey v. District of Columbia*, 668 A.2d 817 (D.C. 1995) (summary judgment); *Clement v. Peoples Drug Store, Inc.*, 634 A.2d 425 (D.C. 1993) (directed verdict); *McKethean v. WMATA*, 588 A.2d 708 (D.C. 1991) (summary judgment); *District of Columbia v. Doe*, 524 A.2d 30 (D.C. 1987) (affirming jury verdict); *Ellis v. Safeway Stores, Inc.*, 410 A.2d 1381 (D.C. 1979) (summary judgment); *Cook v. Safeway Stores, Inc.*, 354 A.2d 507 (D.C. 1976) (directed verdict)). These cases strongly signal that determining whether a duty exists is better evaluated on a full factual record that establishes the precise nature and location of relevant prior criminal activity and the defendant's knowledge of such activity. The sole case that Defendants cite decided on a motion to dismiss, *Jacobs v. Experts, Inc.*, is inapposite, as there the facts alleged to establish heightened foreseeability lacked the "temporal and spatial proximity" to the crime at issue, the Navy Yard shooting. 212 F. Supp. 3d 55, 104 (D.D.C. 2016). Here, by contrast, Plaintiff has pleaded that a group of young people had committed similar crimes in and around Union Station in the preceding year. *See* Compl. ¶¶ 16–17. Granting Plaintiff the benefit of all reasonable inferences that can be derived from these facts, her Complaint makes out a claim of negligence against both Defendants.

B.

Defendant Professional Security Consultants ("PSC") additionally maintains that as a private security firm, rather than a landlord, it owes no duty to the general public to protect against the crimes of third parties. *See* PSC's Mem. at 15–17. Defendant relies on case law specific to police officers, *id.*, who "are under no general duty to provide public services, such as police protection, to any particular individual citizen." *Warren v. Dist. of Columbia*, 444 A.2d 1, 3 (D.C. 1981) (en banc). These cases are inapposite, however, as they involve a public police force, not a private entity.

Instead, the court must decide whether, by providing security services at Union Station, PSC assumed a common law duty to third parties like Plaintiff to exercise reasonable care in performing security services. *See Ridgell v. HP Enter. Servs., LLC*, 209 F. Supp. 3d 1, 49–52 (D.D.C. 2016); *Figueroa v. Evangelical Covenant Church*, 879 F.2d 1427, 1433–34 (7th Cir. 1989). In the District of Columbia, "a legal duty arises when a party undertakes to render services to another which he should recognize as necessary for the protection of a third person or his things." *Presley v. Commer. Moving & Rigging, Inc.*, 25 A.3d 873 (D.C. 2011) (cleaned up) (quoting *Haynesworth v. D.H. Stevens Co.*, 645 A.2d 1095, 1097 (D.C. 1994); Restatement (Second) of Torts § 324A (1965)). Courts have looked "to the contract to determine the scope of the undertaking as it relates to the protection of the third party." *Ridgell*, 209 F. Supp. 3d at 49 (quoting *Presley*, 25 A.3d at 888). *See also Caldwell v. Bechtel, Inc.*, 631 F.2d 989, 996–1002 (D.C. Cir. 1980) (contractor responsible for overseeing safety on public transit project had tort law duty to construction worker plaintiff based on contract with public transit operator). Without the benefit of PSC's security contract for Union Station, the court at this stage cannot determine whether PSC owed Plaintiff a duty of reasonable care. Defendant PSC's motion as to the negligence claim is therefore denied.

III.

The court next turns to Plaintiff's negligent supervision and training claim. Plaintiff alleges that Defendants were negligent in the supervision and training of their employees or agents by failing to adequately train them in "basic crisis intervention techniques," including "mak[ing] sure Plaintiff's physical well-being was addressed" after her assault. Compl. ¶¶ 45–51. To prevail on this claim, a plaintiff must show "that an employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer,

*armed with that actual or constructive knowledge*, failed to adequately supervise the employee." *Giles v. Shell Oil Corp.*, 487 A.2d 610, 613 (D.C. 1985) (emphases changed) (internal citation omitted).

Here, Plaintiff has alleged no facts to render it plausible that either Defendant had actual or constructive knowledge that one or more of its employees or agents would behave in a dangerous or incompetent manner. *See* Compl. ¶¶ 45–51. Plaintiff's reliance on facts establishing the incompetence of the Security Officer that refused to assist her is not enough to establish, *see* Pl.'s Opp'n. to JLLA's Mot., ECF 20-1 at 10–11, even at the motion-to-dismiss stage, the requisite knowledge of either Defendant, *see Jia Di Feng v. Lim*, 786 F. Supp. 2d 96, 107–08 (D.D.C. 2011) (negligent supervision claim dismissed where plaintiff did not allege defendant "knew or should have known" its employee behaved in an incompetent manner or that defendant failed to adequately supervise the employee). The court therefore grants both Defendants' Motions to Dismiss the negligent supervision and training claim.

IV.

Finally, the court addresses Defendant Jones Lang LaSalle's Motion to Strike. Defendant moves to strike several statements in Plaintiff's complaint related to the actions of the Security Officer following Plaintiff's assault. JLLA's Mem. at 14–15. Jones Lang LaSalle argues that because "there is no affirmative legal duty to render aid or rescue someone in peril," these actions are irrelevant to Plaintiff's claims and therefore should be stricken. *Id*. This contention is misplaced.

Rule 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are disfavored. *See Williams v. IRS*, 745 F.2d 702, 705 n.3 (D.C. Cir. 1984). In this case,

Defendant does no more than question the legal relevancy of the facts alleging that the Security Officer failed to render competent aid. Those allegations do not rise to the level of "redundant, immaterial, impertinent, or scandalous" matter that would warrant striking them from the pleading. *See Koch v. White*, 134 F. Supp. 3d 158, 164 (D.D.C. 2015) ("[Rule 12(f)] is not 'a proper way to procure the dismissal of all or a part of a complaint based on the legal insufficiency of the pleading.") (citing 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed. 2015)). The court therefore denies Defendant Jones Lang LaSalle's Motion to Strike.

V.

For the foregoing reasons, Defendants' Motions are granted in part and denied in part. The court grants Defendants' Motions as to Plaintiff's claim for negligent supervision and training but denies their Motions as to the negligence claim.

Dated: May 2, 2019

Amit P. Mehta
United States District Court Judge

8